UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Harka Biswa,<br><br>                    Plaintiff,<br><br>    -against-<br><br>Equifax Information Services, LLC,<br>Experian Information Solutions, Inc.,<br>Trans Union, LLC, and<br>Citibank, N.A.,<br><br>                  Defendant(s). | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

      Plaintiff Harka Biswa, by and through counsel, as for this Complaint against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("TransUnion"), (Experian, Equifax, and TransUnion, each a "Bureau" and collectively "Bureaus"), and Citibank, N.A. ("Citibank" or "Furnisher") respectfully sets forth, complains, and alleges, upon information and belief, the following:

      1.     Plaintiff brings this action for damages arising from each Defendant's violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

      2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p *et seq.*, and 15 U.S.C. § 1692 *et seq*.

      3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

      4.     Plaintiff is a resident of the State of Tennessee, County of Bedford.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Equifax Information Services LLC is a consumer reporting agency defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State.

8. Equifax may be served with process upon its registered agent at Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203.

9. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12. Experian is an Ohio corporation registered to do business in this State.

13. Experian may be served with process upon its registered agent c/o CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.

14. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

15. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

17. Defendant TransUnion is a Delaware corporation registered to do business in this State.

18. Trans Union may be served with process upon its registered agent at Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203.

19. At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

20. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

21. Defendant Citibank is a "person" who furnishes information to consumer reporting agencies pursuant to 15 U.S.C. § 1681s-2.

22. Citibank has an address for service at 388 Greenwich St, New York, NY 10013-2362.

## FACTUAL ALLEGATIONS

23. Plaintiff incorporates the above allegations as if set forth here.

### Background

24. In or around January 2024, Plaintiff desired to purchase a refrigerator from Best Buy.

25. The Best Buy salesperson convinced Plaintiff to sign up for a Best Buy credit card through Citibank.

26. Plaintiff signed applied for and was approved for the Citibank card.

27. Then Plaintiff ordered a refrigerator from Best Buy with that Citibank credit card.

28. The Citibank account begins in account number 603535… ("Account").

29. Citibank claims that as part of the original order, a $1 donation was made to charity for using his Citibank card to make the purchase.

30. However, this is false.

31. Plaintiff never approved the $1 donation with the fridge purchase.

32. Because the fridge delivery timing was too slow, Plaintiff cancelled the original order.

33. Best Buy accepted this and canceled the order.

34. However, on or about April 2024, Plaintiff became aware that there was negative information impacting his credit report.

35. The Account is appearing as delinquent for an unpaid balance of $1.

36. On or about April 2024, Plaintiff called Citibank about the unpaid balance and was told it was a mistake.

37. Consequently, the information was taken off his report.

38. Plaintiff also received a return receipt from Best Buy showing the refrigerator purchase was cancelled.

39. Plaintiff reasonably believed the issue was resolved and that Citibank was not claiming there was a remaining balance.

40. However, Plaintiff received a letter from Best Buy dated April 17, 2024, stating that Plaintiff is responsible for the $1 balance.

41. The letter included an itemized receipt of the refrigerator purchase with the $1 charity donation.

42. Plaintiff never authorized this alleged $1 donation.

43. On or about May 2024, Plaintiff noticed the same unpaid balance of $1 on his credit report.

44. Plaintiff immediately contacted Citibank for a second time and was informed that although the refrigerator purchase was cancelled, the $1 donation must still be paid.

45. Plaintiff made no such donation.

46. To the extent such a donation was made, it was canceled when the whole order was canceled.

47. Plaintiff does not owe anything on the Account.

48. Yet Citibank refused to rectify the inaccurate information.

<u>Violations</u>

49. On May 21, 2024, Plaintiff notified each Bureau that he disputed the accuracy of the information it was reporting ("Dispute").

50. Plaintiff explained what happened.

51. Plaintiff included a receipt from Best Buy showing a zero-dollar balance after the order was canceled.

52. Each Bureau is required to notify Furnisher of Plaintiff's dispute.

53. It appears and is therefore averred that each Bureau notified Furnisher of Plaintiff's dispute.

54. Furnisher therefore received Plaintiff's dispute at least three times, one from each Bureau.

55. Upon receipt of the dispute of the account by the Plaintiff from each Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

56. Had Furnisher done a reasonable investigation it would have been revealed to it that the account is inaccurate.

57. A reasonable investigation by each Bureau would have revealed that the account balance was zero dollars.

58. A reasonable investigation by each Defendant would have revealed that the Account is being incorrectly reported.

59. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed accounts, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

60. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's Dispute.

61. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

62. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

63. Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

64. Notwithstanding Plaintiff's efforts, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

65. Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

66. Each Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

67. Each Defendant knew or had reason to know the information was inaccurate.

68. Each Defendant was in possession of the documentation of the inaccuracies of the Account provided by Plaintiff yet persisted in reporting it anyway.

69. Upon information and belief, each Bureau did not even request documentation from Furnisher during its investigations of Plaintiff's Dispute.

70. Upon information and belief, Furnisher did not send any documentation to each Bureau during its investigation of Plaintiff's Dispute.

71. None of the Defendants contacted Plaintiff during its investigation of Plaintiff's Dispute.

72. On information and belief, on a date better known to each Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

73. The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's account information.

74. Each Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

75. Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

76. Furnisher continues to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

## Damages

77. As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

78. Each Defendant's erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

79. Plaintiff suffered damage to his reputation as it falsely appears as if he is delinquent on the Account.

80. Plaintiff suffered damage to his reputation as it falsely appears as if there is a remaining balance on the Account.

81. Plaintiff suffered damage to his reputation as the Account was reported as delinquent.

82. Experian also illogically reported the Account as delinquent in April and July 2024 but as "current" for the intervening months of May and June, for the same $1 charge.

83. This false information was published to numerous third parties.

84. On or about July 14, 2024 each Bureau shared the delinquent Account information with Capital One.

85. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

86. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, reputational harm, decreased credit score, a chilling effect on applications for credit, difficulty with sleep, and the mental and emotional pain, anguish, humiliation, and embarrassment of having others see the false credit information.

### FIRST CAUSE OF ACTION
### (Violations of the FCRA as to each Bureau)

73. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

74. This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

75. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Each Bureau maintained concerning the Plaintiff.

76. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete disputed tradelines within 30 days of receiving Plaintiff's dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

77. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute(s) to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

78. Each Bureau has willfully and recklessly failed to comply with the Act.

79. In the alternative, each Bureau has negligently failed to comply with the Act.

80. The failure of each Bureau to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c) The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

   d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

k) The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

l) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

81. As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

82. The conduct, action and inaction of each Bureau was willful and/or negligent rendering each Bureau liable for actual, statutory and/or punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

83. Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## SECOND CAUSE OF ACTION
### (Violation of the FCRA as to Furnisher)

84. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

85. This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

86. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

87. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

88. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

89. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

90. Furnisher willfully and recklessly or, in the alternative, negligently, violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

91. Furnisher continued to report the Account on Plaintiff's credit report after being notified of the dispute(s) regarding the inaccuracies in relation to said accounts.

92. As a result of the conduct, action and inaction of Furnisher, Plaintiff suffered damage as described above.

93. The conduct, action, and inaction of Furnisher was willful and/or negligent, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §§ 1681n-1681o.

94. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

WHEREFORE, Plaintiff demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

95. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  October 9, 2024

Respectfully submitted,

**Stein Saks, PLLC**
<u>s/ Eliyahu Babad</u>
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
EBabad@SteinSaksLegal.com
*Pending Pro Hac Vice*

*Attorneys for Plaintiff*